O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$110,186.35 IN FUNDS,<br><br>Defendant. | Case No. 2:18-cv-10087-ODW (PJWx)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [20]** |

## I. INTRODUCTION AND BACKGROUND

On December 4, 2018, Plaintiff United States of America initiated this *in rem* forfeiture action. (Compl., ECF No. 1.) The government subsequently amended its complaint on January 10, 2019. (Verified First Am. Compl. ("FAC"), ECF No. 10.) Through this action, the government seeks forfeiture of $110,186.35 in funds seized by members of the Los Angeles County Sheriff's Parcel and Cargo Narcotics Enforcement Team in November and December 2017. (FAC ¶¶ 8, 14–22.) The government alleges that the "defendant funds represent or are traceable to proceeds of illegal narcotic trafficking or were intended to be used in one or more exchanges for a controlled

substance or listed chemical, in violation of 21 U.S.C. § 841 *et seq.*" (FAC ¶ 22.) The government alleges that, as such, the defendant funds are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (FAC ¶ 22.)

There are no known potential claimants to the defendant funds as a result of a pre-judicial action settlement agreement. (FAC ¶ 7.) The government published Notice of Civil Forfeiture for thirty days pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Mot. for Default J. ("Mot.") 1, ECF No. 20; Decl. of Katharine Schonbachler ("Schonbachler Decl.") ¶ 4, Ex. A, ECF No. 20-1.) Process was executed on the defendant funds by the United States Marshals Service in accordance with the Supplemental Rules. (Schonbachler Decl. ¶ 5, Ex. B.) The time for filing a claim or answer for all interested parties has expired and no potential claimant has filed a claim or answer. (Schonbachler Decl. ¶¶ 7–8.)

On April 25, 2019, the Clerk entered default as to the interests of all potential claimants regarding the defendant funds. (Default, ECF No. 18.) On May 9, 2019, the government filed its Motion for Default Judgment ("Motion"). (Mot.) Pursuant to Local Rule 7-9, any opposition to the government's Motion was due no later than twenty-one days before the June 17, 2019 hearing date. The Court received no opposition to the Motion.[1]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court considers several factors (the "*Eitel* Factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [FRCP] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court need not make detailed findings of fact in the event of a default judgment. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## III.  DISCUSSION

Having reviewed the filings in this action, the Court is satisfied that the government has met all procedural requirements for obtaining a default judgment against the interests of all potential claimants. Notice was adequately published and the time for filing a claim or an answer has expired and no claims or answers have been filed. The government has satisfied the procedural requirements of FRCP 55 and Local Rule 55-1: (1) the Clerk entered default against the interests of all potential claimants

| | |
|---|---|
| 1 | on April 25, 2019; (2) no potential claimants responded to the FAC; (3) no potential |
| 2 | claimants are infants or incompetent persons; and (4) no potential claimants are in the |
| 3 | military, so the Service Members Civil Relief Act does not apply. (*See* Default, ECF |
| 4 | No. 18; Schonbachler Decl. ¶¶ 2–3, 8–11.) |

Further, the Court finds that on balance the *Eitel* factors weigh in favor of granting the government's Motion. The allegations establish that the defendant funds represent or are traceable to proceeds of illegal narcotic trafficking or were intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841, *et seq.*, rendering them subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). In light of the well-pleaded allegations in the FAC and no claims having been filed, the government's interest in an efficient resolution of the case outweighs any potential claimant's interest in adjudication on the merits. *PepsiCo*, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.").

Finally, the relief the government seeks, forfeiture of the defendant funds to the United States for disposition according to law (Mot. 12), is appropriate because it does not "differ in kind from, or exceed in amount, what is demanded in the pleadings," Fed. R. Civ. P. 54(c).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Default Judgment. (ECF No. 20.) A separate judgment will issue.

**IT IS SO ORDERED.**

August 28, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**